UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICOLE BEVERLY SILVERBERG,<br><br>Plaintiff,<br><br>v.<br><br>SANFORD HOWARD BARSKY, M.D.,<br><br>Defendant. | Case No. 2:25-cv-02197-GMN-EJY<br><br>ORDER<br>AND<br>REPORT AND RECOMMENDATION |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint for Damages and Injunctive Relief. ECF Nos. 1-1, 4. Plaintiff's IFP Application is granted below. Plaintiff's Complaint is dismissed, in part, without prejudice and with leave to amend. The Court recommends Plaintiff's claim arising under a federal criminal statute be dismissed with prejudice.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1   Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab.*
2   *Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only
3   if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle
4   him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this
5   determination, the Court takes as true all allegations of material fact stated in the complaint, and the
6   court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d
7   955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards
8   than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard
9   under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than
10  mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic
11  recitation of the elements of a cause of action is insufficient. *Id*.

12  In addition, a reviewing court should "begin by identifying pleadings [allegations] that,
13  because they are no more than mere conclusions, are not entitled to the assumption of truth."
14  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework
15  of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded
16  factual allegations, a court should assume their veracity and then determine whether they plausibly
17  give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim
18  for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial
19  experience and common sense." *Id*. Finally, all or part of a complaint may be dismissed *sua sponte*
20  if that person's claims lack an arguable basis either in law or in fact. This includes claims based on
21  legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or
22  claims of infringement of a legal interest which clearly does not exist), as well as claims based on
23  fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S.
24  319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

25  **II.   Plaintiff's Complaint**

26  Plaintiff's Complaint alleges a variety of facts related to her divorce from Defendant Sanford
27  Howard Barsky ("Defendant"), many of which are not germane to this Order. The critical alleged
28  facts include that Defendant filed federal tax returns for the years 2020 through 2023 listing Plaintiff

as his spouse despite a divorce that was finalized in October 2022. ECF No. 1-1 at 3, 4. A marital separation agreement was apparently entered into on July 21, 2022. *Id*. at 3. Plaintiff alleges that in March 2025, Defendant admitted that he was listing her as his spouse on his taxes because if he did not do so, he would be unable to continue her on his health insurance. *Id*. at 4. Plaintiff says she filed identity theft forms with the IRS in June 2025. *Id*.

**III.   Plaintiff's Count 1 and Jurisdiction**

      A.    <u>There is No Private Right of Action Under Count 1 - Violation of 18 U.S.C. § 1028</u>.

On page five of Plaintiff's Complaint she states the claim of "Identity Theft/Misuse of Personal Identifiers." ECF No. 1-1 at 5. The only law under which Plaintiff seeks relief in this cause of action is a federal criminal statute. Plaintiff has no cause of action under this statute. *Lassetter v. Brand,* 2011 WL 4712188, at *2 (W.D. Wash. Oct.4, 2011) (holding that 18 U.S.C. § 1028 provides no private right of action and cannot form a basis for civil suit). Given there is no other basis that Plaintiff provides the Court, except a vague reference to Nevada law, the Court recommends Plaintiff's Count 1, under 18 U.S.C. § 1028, be dismissed with prejudice. For the reasons discussed below, this deprives the Court of jurisdiction.

      B.    <u>In the Absence of a Cause of Action Under Federal Law, the Court Lacks Jurisdiction</u>.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Here, the only claim Plaintiff raises under the Constitution or federal laws of the United States alleges violation of a criminal statute on which Plaintiff cannot proceed. Plaintiff's remaining counts all assert state common law claims. ECF No. 1-1 at 6-8 alleging Fraud (Intentional Misrepresentation),[1] Invasion of Privacy (Intrusion Upon Seclusion/Misuse of SSN), Intentional Infliction of Emotional Distress ("Outrageous Conduct"), and Unjust Enrichment.[2] Plaintiff's prayer for relief seeks "[c]ompensatory damages in the amount to be proved at trial (estimated $50,000+ in lost benefits and costs)," treble or multiple damages, punitive damages, restitution, and injunctive relief. Plaintiff's damages claim fails to establish an amount in controversy sufficient to support diversity jurisdiction. *Id*. at 9. Her vague assertions of damages are an insufficient basis upon which the Court may determine whether the case meets the amount in controversy. *Cochran v. Garfield Beach CVS, LLC*, No. 2:20-CV-01182-SVW-E, 2020 WL 1505722, at *2 (C.D. Cal. Mar. 30, 2020) ("Plaintiff's complaint lacks factual details beyond a vague assertion of damages"). *See also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) *(*noting that a "defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions"); *McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1146 (D. Nev. 2004) ("it is not facially apparent from Plaintiff's complaint that the amount in controversy exceeds $75,000" when the plaintiff merely requests damages "in excess of $10,000.00").

Further, Plaintiff alternately alleges the "Defendant maintains residency in both Nevada and Tennessee" and that venue in Nevada is proper "because Defendant … resides in Nevada." ECF No. 1-1 at 2 ¶¶ 3, 5 (emphasis removed). As the Ninth Circuit makes clear, "[d]iversity jurisdiction

---

[1] A claim of fraud or intentional misrepresentation, must be pleaded with particularity. *Rocker v. KPMG*, 148 P.3d 703, 707 (Nev. 2006). Pleading with particularity requires the plaintiff to allege "averments to the time, the place, the identity of the parties involved, and the nature of the fraud." *Id*. at 708 (internal citation omitted). The Court advises Plaintiff that if she seeks to reassert a claim of fraud or intentional misrepresentation, she must meet this pleading standard.

[2] The Court notes that Plaintiff does not state an unjust enrichment claim because her allegations pertain to Defendant obtaining tax benefits and refunds from the federal government to which he is supposedly not entitled. "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (simplified). Plaintiff did not confer this benefit on Defendant, the United States did when it allegedly gave Defendant money to which he was not entitled.

under § 1332 requires complete diversity of citizenship, the plaintiff must be a citizen of a different state than the defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d at 1067. The Court advises Plaintiff that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "To be a citizen of a state, a natural person must first be a citizen of the United States." *Id.* If an individual is a United States citizen, which is true here, then he is also a citizen of the state in which he is domiciled. *Id.* This may or may not be the same as the state of residence. *Id.* "A person's domicile is … [his] permanent home, where []he resides with the intention to remain or to which []he intends to return." *Id.* To establish diversity jurisdiction Defendant's state citizenship, not his state of residence, must be a state other than Nevada. Thus, Plaintiff must expressly allege Defendant's state citizenship, not his state of residence, based on what she knows to be true or, on information and belief, what she believes to be true.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice and with leave to amend. If Plaintiff chooses to file an amended complaint, it must be filed no later than **December 12, 2025** and be titled "AMENDED COMPLAINT." The Amended Complaint must not include the claim based on the federal criminal statute on which Plaintiff cannot proceed as a matter of law. Plaintiff must include facts that she believes establishes diversity jurisdiction; that is, facts establishing the citizenship of Defendant and damages in the amount of at least $75,000 and citizenship. Failure to plead sufficient facts establishing diversity jurisdiction will result in a recommendation to dismiss this action without prejudice, but without leave to amend in federal court. Such dismissal will allow Plaintiff to proceed in Nevada's state courts if she so chooses.

IT IS FURTHER ORDERED that the Clerk of Court must detach and separately file Plaintiff's Complaint (ECF No. 1-1).

## V. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Count 1, alleging a violation of 18 U.S.C. § 1028 be dismissed with prejudice.

Dated this 13th day of November, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).