NICOLE BEVERLY SILVERBERG
5725 S Valley View Blvd STE 5 PMB 523398
Las Vegas, Nevada 89118-3122
Ph: 415-278-1046
Plaintiff, In Proper Person



## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE BEVERLY SILVERBERG, | Case No.: 2:25-cv-02197-GMN-EJY |
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED** |
| v. | |
| SANFORD HOWARD BARSKY | |
| Defendant. | |

**I. INTRODUCTION**

1. This civil action arises from Defendant's willful, four-year misuse of Plaintiff's Social Security number, identity, and marital status in federal income-tax returns for tax years 2020, 2021, 2022, and 2023, through which he wrongfully obtained approximately $50,780 in federal tax benefits by falsely claiming Plaintiff lived with him in Tennessee and was financially supported by him.

2. During the same period, Plaintiff was homeless, destitute, and living out of her vehicle in Las Vegas, Nevada, and Defendant's filings simultaneously caused Plaintiff to be denied essential survival benefits including SNAP, TANF, emergency rental assistance, homeless-services support, and federal student financial aid.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Plaintiff is a citizen and domiciliary of Nevada.

5. Defendant is a citizen and domiciliary of Tennessee. He owns and permanently resides at 7 Innis Brook Lane, Brentwood, Tennessee 37027; pays utilities and receives mail there; is employed in Tennessee; and lists that address as his home address on the federal tax returns at issue.

6. The amount in controversy exceeds $250,000, as detailed in Section VI.

7. Venue is proper in the District of Nevada under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims — including Plaintiff's homelessness, benefit denials, financial damages, and emotional injuries — occurred in this District.

## III. PARTIES

8. PLAINTIFF NICOLE BEVERLY SILVERBERG ("PLAINTIFF") is an individual domiciled in Clark County, Nevada.

9. DEFENDANT SANFORD HOWARD BARSKY, M.D. ("DEFENDANT") is an individual domiciled in Williamson County, Tennessee.

## IV. FACTUAL ALLEGATIONS

**A. BACKGROUND OF EXTREME VULNERABILITY**

10. The parties were married in Nevada on January 27, 2017, and divorced on October 24, 2022, by Stipulated Decree entered in the Eighth Judicial District Court, Clark County, Nevada (Case No. D-20-600860-D). A true copy is attached as EXHIBIT A.

11. From approximately November 2020 through January 2022, Plaintiff was continuously homeless in Las Vegas, Nevada, sleeping in her vehicle, experiencing chronic hunger, and losing more than 30 pounds due to prolonged food insecurity and stress. See EXHIBIT B.

12. During this period, Plaintiff had no stable housing, no income, and no access to public benefits because Defendant's income — combined with his false IRS representations — made it appear she was a supported spouse living in a Tennessee household.

**B. DEFENDANT'S FRAUDULENT TAX FILINGS (PARTICULARITY UNDER FED. R. CIV. P. 9(B))**

13. IRS Account Transcripts for tax years 2020, 2021, 2022, and 2023 (attached as EXHIBITS D, E, F, and G) confirm that Defendant filed federal Form 1040 returns each year that:

    a. Listed Plaintiff as his spouse and/or dependent;

    b. Claimed Plaintiff lived with him at 7 Innis Brook Lane, Brentwood, TN;

    c. Represented that he financially supported Plaintiff; and

    d. Used Plaintiff's Social Security number without authorization.

14. These statements were false. Plaintiff has never lived in Tennessee and has not cohabited with Defendant since April 5, 2020.

15. Plaintiff never authorized Defendant to use her SSN or identity after their separation or after their divorce on October 24, 2022.

16. On information and belief, Defendant's false filings generated approximately $50,780 in federal tax benefits he could not otherwise have obtained.

**C. DISCOVERY OF FRAUD AND DEFENDANT'S ADMISSIONS**

17. Plaintiff first discovered the fraudulent tax filings in May 2025, when she created an IRS online account to file her 2024 tax return.

18. On or about May 22, 2025, Plaintiff confronted Defendant by telephone. Defendant admitted filing the returns and stated he continued doing so because otherwise Plaintiff would "lose [her] health insurance."

19. Defendant repeated this threat on multiple occasions and told Plaintiff he would "do whatever it takes to protect himself" if she reported his conduct to the IRS.

20. On July 7, 2025, Plaintiff submitted IRS Form 14039 (Identity Theft Affidavit) reporting Defendant's unauthorized use of her identity for tax years 2020–2023, attached as EXHIBIT C.

**V. CAUSES OF ACTION**

**COUNT I — FRAUD (INTENTIONAL MISREPRESENTATION) NEVADA COMMON LAW**

21. Plaintiff incorporates paragraphs 1–20.

22. Defendant knowingly made false representations to the IRS each year from 2020 through 2023 regarding Plaintiff's marital status, residence, and financial dependence.

23. Defendant intended the IRS to rely on these misrepresentations to secure tax benefits.

24. The IRS relied on these misrepresentations in processing the returns.

25. Plaintiff suffered economic and emotional damages as a direct and proximate result.

26. Defendant's conduct was willful, malicious, oppressive, and fraudulent, entitling Plaintiff to punitive damages.

**COUNT II — INVASION OF PRIVACY (INTRUSION UPON SECLUSION)**

27. Plaintiff incorporates all prior paragraphs.

28. Defendant intentionally intruded upon Plaintiff's private affairs by using her SSN and identity in federal filings without authorization — conduct that is highly offensive under Nevada law. *Cervantez v. J.C. Penney Co.*, 595 F.2d 548, 552 (9th Cir. 1979).

29. Plaintiff suffered emotional and financial injury as a direct and proximate result.

**COUNT III — INVASION OF PRIVACY (FALSE LIGHT / MISAPPROPRIATION OF IDENTITY)**

30. Plaintiff incorporates all prior paragraphs.

31. Defendant placed Plaintiff before federal agencies in a false light by portraying her as a supported spouse residing in Tennessee, when she was homeless in Nevada.

32. This portrayal would be highly offensive to a reasonable person and caused Plaintiff harm.

**COUNT IV — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

33. Plaintiff incorporates all prior paragraphs.

34. Defendant's conduct — abandoning Plaintiff into homelessness while falsely telling the United States Treasury that he provided her with housing and support, and threatening her with loss of health insurance to prevent reporting — constitutes extreme and outrageous conduct under Nevada law. *Starz Entm't, LLC v. MGM Domestic Television Distrib., LLC*, 39 F.4th 1236, 1247 (9th Cir. 2022).

35. Defendant acted intentionally or with reckless disregard.

36. Plaintiff suffered severe emotional distress including anxiety, insomnia, humiliation, fear, and physical manifestations of stress.

## VI. DAMAGES AND ECONOMIC SUMMARY TABLES

37. To demonstrate plausibility under *Twombly* and *Iqbal*, Plaintiff provides the following quantifiable losses:

A. PUBLIC BENEFIT LOSSES CAUSED BY DEFENDANT'S FRAUD

| PROGRAM / BENEFIT | PERIOD DENIED | ESTIMATED MONETARY IMPACT |
|---|---|---|
| SNAP | 2021-2023 | $8,400 |
| COVID EMERGENCY RENTAL ASSISTANCE | 2021-2022 | $12,000 |
| TANF / NEVADA CASH AID | 2021-2023 | $9,600 |
| HOMELESS-SERVICES PRIORITY PLACEMENT | 2021-2022 | $15,000 |
| FEDERAL PELL GRANTS / FAFSA-BASED | 2022-2024 | $18,000 |
| TOTAL PUBLIC BENEFIT LOSSES | | $63,000 |

## B. IRS-RELATED AND REMEDIATION LOSSES

| REMEDIATION LOSS | CATEGORY | DESCRIPTION | ESTIMATED IMPACT |
|---|---|---|---|
| IDENTITY-THEFT REMEDIATION | Mailing, copying, administrative time | Mailing, copying, administrative time | $1,200 |
| FROZEN IRS ACCOUNT | Blocked refunds and delayed filings | Blocked refunds and delayed filings | $3,500 |
| LOST REFUNDS / CREDITS | EITC, stimulus reconciliation, refunds | EITC, stimulus reconciliation, refunds | $4,800 |
| TAX CONSULTATION | Fraud-related tax consultations | Fraud-related tax consultations | $1,500 |
| TIME-VALUE LOSS | Refund delays | Refund delays | $2,000 |
| COMPLIANCE & MONITORING | Transcript corrections & future filings | Transcript corrections & future filings | $1,800 |
| TOTAL IRS-RELATED HARM | | | $14,800 |

## C. WRONGFUL TAX BENEFITS RETAINED BY DEFENDANT

38. Defendant retained approximately $50,780 in wrongful federal tax benefits.

39. Combined economic harm exceeds $128,580, exclusive of emotional-distress damages (>$150,000), punitive damages, and other consequential harm, bringing total damages to well over $250,000.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. Compensatory damages exceeding $250,000, according to proof;

B. Punitive damages sufficient to punish and deter Defendant;

C. A mandatory injunction directing Defendant to file corrected IRS Forms 1040X for tax years 2020–2023 within 30 days;

D. A permanent injunction prohibiting Defendant from any future use of Plaintiff's identity;

E. A declaration that Defendant's use of Plaintiff's identity in tax years 2020–2023 was unauthorized and void;

F. Restitution and disgorgement of all wrongful tax benefits retained by Defendant;

G. Costs of suit and pre- and post-judgment interest;

H. All further relief the Court deems just and proper.

**VIII. JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

DATED: November 29, 2025

/s/ Nicole Beverly Silverberg

5725 S. Valley View Blvd., Ste. 5 PMB 523398

Las Vegas, NV 89118-3122

nicole@silverberginc.com

(415) 278-1046

PRO SE PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2025, I emailed the foregoing First Amended Complaint for Damages and Injunctive Relief, together with all EXHIBITs and completed Form

USM-285, to the Clerk of the Court at prosefiling@nvd.uscourts.gov for filing and uploading to the CM/ECF system.

**TABLE OF EXHIBITS**

| EX | TITLE | DESCRIPTION |
|---|---|---|
| A | STIPULATED DECREE OF DIVORCE (CLARK COUNTY, NEVADA, CASE NO. D-20-600860-D) | Certified/Exemplified Divorce Decree entered October 24, 2022, including incorporated Marital Settlement Agreement; offered to establish marital dissolution, financial obligations, and relevant background facts. |
| B | DECLARATION OF HOMELESSNESS (NICOLE BEVERLY SILVERBERG) | Plaintiff's declaration under 28 U.S.C. § 1746 describing her homelessness, living conditions, and lack of financial support during the relevant period. |
| C | IRS FORM 14039 – IDENTITY THEFT AFFIDAVIT (FILED JULY 7, 2025) | Plaintiff's IRS-filed identity-theft report documenting her complaint against Defendant for unauthorized use of her personal identifying information on federal tax returns. |
| D | IRS ACCOUNT TRANSCRIPTS (DOWNLOADED ON SEPTEMBER 21, 2025) | Tax year 2020 downloaded from the IRS "Get Transcript" portal at IRS.org Plaintiff is still married to Defendant but homeless in Nevada and unaware of the Tennessee property. |
| E | IRS ACCOUNT TRANSCRIPTS (DOWNLOADED ON SEPTEMBER 21, 2025) | Tax year 2021 downloaded from the IRS "Get Transcript" portal at IRS.org. Plaintiff is still homeless in 2021 and still unaware Defendant bought a house and moved to Tennessee. |
| F | IRS ACCOUNT TRANSCRIPTS (DOWNLOADED ON SEPTEMBER 21, 2025) | Tax year 2022 downloaded from the IRS "Get Transcript" portal at IRS.org. Divorce is finalized and Defendant is court ordered to pay Plaintiff alimony. Plaintiff is finally able to move out of her car and into a Las Vegas apartment. |
| G | IRS ACCOUNT TRANSCRIPTS (DOWNLOADED ON SEPTEMBER 21, 2025) | Tax year 2023 from the IRS "Get Transcript" portal at IRS.org. Plaintiff and Defendant have been divorced since October 2022 but Defendant still states they are married on his taxes. |